924 F.2d 1059
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Daries SHERRILLS, Plaintiff-Appellant,
v.
Richard F. CELESTE, Governor; Anthony J. Celebrezze, Jr.,
Attorney General; Allen P. Adler, Defendants-Appellees.
 No. 90-3775.
 United States Court of Appeals, Sixth Circuit.
 Feb. 7, 1991.
 
 Before MILBURN and RALPH B. GUY, Jr., Circuit Judges; and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 Daries Sherrills, a pro se Ohio prisoner, moves for in forma pauperis status on appeal from the district court's dismissal of his civil rights action filed under 42 U.S.C. Sec. 1983. The district court certified that an appeal would not be taken in good faith, pursuant to 28 U.S.C. Sec. 1915(a). Sherrills now moves for leave to proceed in forma pauperis pursuant to Fed.R.App.P. 24(a).
 
 
 2
 Review of the record shows that the district court entered an order dismissing Sherrills's action for failure to state a claim upon which relief may be granted on August 17, 1990. Within ten days after that action, as computed under Fed.R.Civ.P. 6(a), Sherrills served and filed a "Motion to Re-Direct Opinion and Order and Judgment in Decision by Court filed August 17, 1990" in which Sherrills essentially sought additional findings of fact and alteration of the district court's judgment pursuant to Fed.R.Civ.P. 59(e). Accordingly, Sherrills's motion tolled the running of the time for filing a notice of appeal. Fed.R.App.P. 4(a)(4). Despite the pendency of that motion, which the district court denied in a memorandum and order entered on September 5, 1990, Sherrills filed a notice of appeal on August 27, 1990.
 
 
 3
 This court does not have jurisdiction over the appeal. Fed.R.App.P. 4(a)(4) specifies that a notice of appeal filed prior to the disposition of a timely motion pursuant to Fed.R.Civ.P. 59(e) is without effect. Rather, Sherrills may obtain appellate review of the dismissal of his cause of action by filing a new notice of appeal within the time provided in Fed.R.App.P. 4(a)(1) as measured from the date of the entry of the order ruling on the motion to reconsider. A timely notice of appeal is mandatory and jurisdictional. Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 61 (1982) (per curiam); Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978). It is noted that the time for appeal of the district court's September 5, 1990 order has expired. Thus, Sherrills will require an extension of time from the district court before filing a timely notice of appeal.
 
 
 4
 Accordingly, it is ORDERED that the appeal is hereby dismissed for lack of jurisdiction. Rule 9(b)(1), Rules of the Sixth Circuit. Furthermore, the motion for leave to proceed in forma pauperis is denied as moot. Sherrills's attention is also redirected to this court's order filed October 4, 1990 requiring the payment of a five dollar filing fee for every appeal or original action filed in this court in the future.